**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edwin M. BALANOW, Defendant-Appellant.**

**No. 75–1479.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1975.

Decided Jan. 19, 1976.*

J. David Keckley, South Bend, Ind., for defendant-appellant.

John R. Wilks, U. S. Atty., Frank J. Gray, Asst. U. S. Atty., Fort Wayne, Ind., Richard A. Hanning, Asst. U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Before CUMMINGS and BAUER, Circuit Judges, and McLAREN, District Judge.**

PER CURIAM.

After a jury trial, defendant was found guilty of two firearm offenses under 26 U.S.C. §§ 5861(d) and 5861(i). Under Count I he received a 5-year sentence, but four and one-half years were suspended under 18 U.S.C. § 3651. A five-year probation period was also. imposed. With respect to Count II, defendant was placed on probation for five years concurrently with the probation imposed under Count I. The only issue on appeal is whether the district court should have granted defendant's motion to suppress a firearm which was found in the trunk of his car during an inventory search thereof.

---

* This appeal was originally decided by unreported order on January 19, 1976. See Circuit Rule 28. The Court has subsequently decided to issue the decision as an opinion.

** District Judge Richard W. McLaren of the Northern District of Illinois is sitting by designation.

The following facts were developed at the suppression hearing: On the evening of October 18, 1974, Indiana State Trooper Robert E. Seiffert was on a routine patrol heading east on the Indiana Tollway near the Burns Harbor Plaza. Seiffert was nearly run off the road by defendant's 1975 Lincoln Continental which was weaving from lane to lane. Seiffert arrested the defendant driver for improper change of lanes. When defendant failed to produce a valid driver's license, Seiffert ran a check over his police car radio and found that defendant's driver's license was suspended. Thereupon Seiffert advised defendant that he was under arrest for driving while his license was suspended and that Seiffert would have to impound the car and take defendant directly to court.

Seiffert's radio call for a tow truck was overheard by Trooper Magranes, who drove to the scene to be of assistance. Seiffert asked Magranes to make an inventory of the car. Defendant gave Seiffert the keys to the car and Magranes then opened the trunk and found a sawed-off shotgun wrapped in a terrycloth towel.

Seiffert testified that when he learned that defendant's license was suspended, he was required to take him directly to court. In accordance with custom, when a driver is removed from his vehicle, it is impounded and an inventory is performed to protect both the owner and the state police. Until he learned that defendant's driver's license was suspended, Seiffert had intended to release defendant for a future hearing before a justice of the peace and had planned to let defendant call his sister to remove the car.

After the hearing on the motion to suppress, the district court handed down a memorandum opinion and order. The court cited Burns Ann.Stat. § 47–2121 as authorizing the state trooper to remove the car to the nearest garage or place of safety and noted that under the policy of the Indiana State Police, the officer must protect the vehicle and property of the arrestee. Relying upon *Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706, the court held that this "caretaking" search was not unreasonable and denied the motion to suppress. We affirm.

■ The ultimate test of the legality of the search and seizure is the reasonableness of the police officer's conduct. *Cady v. Dombrowski, supra,* 413 U.S. at 435, 93 S.Ct. 2523. In this case it was unassailable. The Indiana State Police had probable cause to arrest defendant for his improper change of lanes and driving while his license was suspended. *United States v. Bailey*, 526 F.2d 139, 141 (7th Cir. 1975). Because of the defendant's suspended driver's license, it would have been improper to allow him to continue to drive his car, and Indiana law permitted the State Police to protect the vehicle by removing it from the roadway. *Id.* Furthermore, the Indiana State Police Training and Personnel Bulletin (April 1, 1960) authorized the impoundment of the car. The officer's decision to seize the car was not unreasonable.

■ Under normal state procedure, defendant's car was searched at the time of impounding. The police had a right to inventory the contents of the impounded car. *Cady v. Dombrowski, supra; Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (per curiam); *Cooper v. California*, 386 U.S. 58, 61, 87 S.Ct. 788, 17 L.Ed.2d 730. The district court correctly held that in this situation it was unnecessary to obtain a search warrant. See *Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (per curiam), 44 LW 3327; *Cardwell v. Lewis*, 417 U.S. 583, 589–590, 94 S.Ct. 2464, 41 L.Ed.2d 325.

Judgment affirmed.