OPINION
On December 24, 1997, the Tuscarawas County Grand Jury indicted appellant, Dwight Class, on one count of carrying a concealed weapon in violation of R.C. 2923.12. Said charge stemmed from the discovery of a firearm in appellant's vehicle during a routine traffic stop on November 28, 1997. On March 23, 1998, appellant filed a pro se motion to suppress. A hearing was held on March 26, 1998. By judgment entry filed March 30, 1998, the trial court denied said motion. On August 31, 1998, appellant filed a pro se motion to dismiss. By judgment entry filed September 21, 1998, the trial court held the motion was actually a motion to suppress and set the matter for hearing. On November 13, 1998, appellant filed another pro se motion to suppress. By judgment entry filed November 18, 1998, the trial court denied the September motion. By judgment entry filed December 10, 1998, the trial court denied the November motion. A jury trial commenced on May 20, 1999. Appellant waived his right to counsel. The jury found appellant guilty as charged. By judgment entry filed September 3, 1999, the trial court sentenced appellant to seventeen months in jail, suspended in lieu of three years community control. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE INTENTIONAL MISCONDUCT OF THE PROSECUTOR DENIED APPELLANT A FAIR TRIAL AS GUARANTEED HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 II THE JURY'S VERDICT OF GUILT ON THE SINGLE COUNT OF CARRYING A CONCEALED WEAPON WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 III THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE ACQUIRED THROUGH AN INVALID INVENTORY SEARCH IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.
 IV THE APPELLANT'S SPEEDY TRIAL RIGHTS UNDER THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION WERE VIOLATED WHEN HIS TRIAL TOOK PLACE 500 DAYS AFTER HE WAS ARRESTED.
 I
Appellant claims prosecutorial misconduct denied him a fair trial. We disagree. The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. Appellant argues the prosecutor's comments during closing argument on the credibility of appellant's wife and passenger, Sarra Class, and the reference to Ms. Class being found incompetent and mentally ill by the former trial judge were prejudicial. Appellant cites to the following comments:
 I specifically asked her [Ms. Class] if she repeatedly told the police that she was driving, an obvious lie, she couldn't remember that.
* * *
 Look at the last state's exhibit that I had marked in the case. Judge Lile, the predecessor judge to Judge Thomakos, made a ruling, and you will have that in front of you, it is an exhibit, she [Ms. Class] was found last fall both to be incompetent in her own case and also mentally ill. I hope she gets better, but all I am saying to you is she is not a credible witness. She is not someone you can believe or rely on.
* * *
 You can see Sarra Class on the video tape trying to persuade the officers somehow that she was driving. A clear, flagrant lie, she is not a truthful and not a credible witness. All I am asking you to do is keep your promise to me, decide the case, use your common sense, and decide the case upon the credible evidence that you heard this officer testify to and other officers testify to.
T. at 166, 167 and 168, respectively.
No objection was made to these comments therefore, the matter must be reviewed under the plain error standard. State v. Maurer (1984), 15 Ohio St.3d 239; State v. Williams (1977), 51 Ohio St.2d 112. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating the outcome of the trial clearly would have been different but for the error. Crim.R. 52(B). Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91. The state points out that appellant put the issue of Ms. Class's credibility before the jury by introducing her indictment for perjury and the trial court's ruling on Ms. Class's competency therein during his cross-examination of Officer Shawn Nelson. T. at 89-90. Immediately on redirect, the state questioned Officer Nelson on the trial court's ruling via State's Exhibit 9, the October 15, 1998 ruling on Ms. Class's competency in her perjury case:
 Q. Okay. And could you tell the Ladies and Gentlemen of the Jury what ruling was made by the Court in the case of State verses Sarra Class?
A. Do you want me to read the beginning of it?
Q. No, just the pertinent part as regards the judge's ruling.
 A. Okay. Sarra Class is a person who is suffering from significant dementia, and shows moderate to severe impairments in her cognitive functioning.
Q. Talk slowly, you are using big words, talk slower.
 A. Okay. I'll read it again. Sarra Class is a person who is suffering from significant dementia, and she shows moderate to severe impairments in her cognitive functioning.
 Q. Does the Court make any finding or specific finding as regards whether she is a mentally ill person?
 A. The Court found that Sarra Class, the defendant in the perjury charge, was incompetent, not competent to stand trial in the action.
 Q. Okay. Does it make any mention of her being mentally ill? A. It says that the defendant is a mentally ill person.
Q. Is a mentally ill person?
A. That is correct.
T. at 92-93.
Upon review, we find the prosecutor in closing argument was merely commenting on the evidence introduced via the testimony. In addition, we note one cannot claim error when the claimed error is in fact of his/her own making. It is well accepted law a party is not permitted to complain of an error which said party invited or induced the trial court to make. State v. Kollar (1915), 93 Ohio St. 89. Assignment of Error I is denied.
 II
Appellant claims the verdict was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was convicted of carrying a concealed weapon in violation of R.C. 2923.12 which states "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance." The thrust of this argument is that there was insufficient evidence to establish the weapon was under appellant's control or in his possession. The entire traffic stop was captured on videotape (State's Exhibit 6). Upon stopping appellant for a traffic violation, Officer Nelson discovered a firearm under the driver's seat of appellant's vehicle. T. at 77. The weapon was found very close to where appellant's right hand had been when he was seated in the vehicle. T. at 66, 72, 77, 93. The ammunition for the weapon was found in appellant's pants pocket. T. at 57-58, 102. The videotape shows Officer Nelson searching the vehicle from the passenger side prior to the discovery of the weapon. On the videotape, Ms. Class denied having any knowledge of the weapon. In contrast, at trial, Ms. Class testified the weapon "was sitting on the seat on my purse." T. at 122. The trier of fact has principle responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. In this case, the jury chose to believe the officer as opposed to appellant and Ms. Class. Upon review, we find sufficient, credible evidence to support appellant's conviction and no manifest miscarriage of justice. Assignment of Error II is denied.
 III
Appellant claims the trial court erred in denying his motion to suppress. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal". In his motions to suppress, appellant claimed the weapon was discovered pursuant to an invalid inventory search. By judgment entry filed November 18, 1999, the trial court found the following:
 (1) Officer Shaun Nelson saw the Defendant, Dwight Class operating a motor vehicle on Sixth Street, S.W. in New Philadelphia;
 (2) Officer Nelson was aware that the Defendant did not have driving privileges to operate a motor vehicle and stopped him on the public streets of New Philadelphia, Ohio;
 (3) The Defendant was placed under arrest and frisked. No weapons were found on the Defendant;
 (4) The Defendant's wife was seated in the motor vehicle and in preparation for towing the vehicle under police department policy and inventory search, she was ordered to exit the vehicle. The Defendant's wife refused and while officers were attempting to convince her to get out of the vehicle, an officer who was present observed a `buck' knife attached to the steering column of the car;
 (5) Upon discovery of the knife, the Defendant's wife was removed from the vehicle and a search of the interior of the vehicle was conducted for weapons, revealing the firearm which is the subject of this motion to suppress. The firearm was seized by police officers upon discovery and is being held as evidence in this action.
Based upon these facts, the trial court found the weapon was discovered pursuant to a reasonable inventory search. The trial court determined appellant's vehicle had been lawfully impounded and the inventory search was performed pursuant to standardized department policy. There was no evidence to demonstrate the search was pretextual. At the September 14, 1998 hearing, appellant claimed the vehicle's innocent owner was Ms. Class and the vehicle was taken and searched without her consent. September 14, 1998 T. at 6. Thereafter, appellant admitted the title to the vehicle was in his name and his wife's name and they were co-owners of the vehicle. Id. at 7. At the November 13, 1998 hearing, Officer Nelson testified he observed appellant driving the vehicle and called dispatch to see if appellant had driving privileges. November 13, 1998 T. at 5. Once Officer Nelson was told appellant "had no driving privileges indefinitely," Officer Nelson stopped the vehicle. Id. Under Terry v. Ohio (1968), 392 U.S. 1, and its progeny, a warrantless stop and search is valid if the police can articulate specific facts giving rise to a reasonable suspicion of criminal activity based upon the totality of the circumstances. In this case, Officer Nelson observed appellant driving a vehicle, identified appellant as the driver and as having no driving privileges, and observed appellant run a red light. November 13, 1998 T. at 5. These facts clearly fulfill the requirements of Terry. Officer Nelson had appellant exit the vehicle whereupon a pat down search was conducted upon appellant's person for precautionary measures. November 13, 1998 T. at 6. Officer Nelson felt cylinder shaped objects in appellant's pants pocket and asked appellant if they were batteries. Id. Appellant responded in the affirmative and Officer Nelson placed appellant in the back of the police cruiser and waited for backup to arrive. Id. Once backup arrived, Officer Nelson conducted an inventory search of the vehicle pursuant to standard police procedure. Id. at 7. Officer Nelson discovered a knife strapped to the gear shift and a Derringer pistol "on the hump of the truck between the seat and on top." Id. Thereafter, it dawned on Officer Nelson the cylinder shaped objects in appellant's pants pocket were not batteries. Id. at 8. Officer Nelson searched appellant's person again to "make sure he didn't have any weapons on him" and found ammunition in his pants pocket compatible to the Derringer. Id. Appellant argues on appeal the record does not establish the search was done in accordance with standard police procedure. In support, appellant cites the syllabus in State v. Hathman (1992), 65 Ohio St.3d 403, "[t]o satisfy the requirements of the Fourth Amendment to the United States Constitution, an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedure(s) or established routine. * * *" (Citations omitted.) The first inquiry is whether the vehicle was lawfully impounded. State v. Cole (1994),93 Ohio App.3d 712. Prior to the search of the vehicle, appellant was placed in the police cruiser because he was observed driving a vehicle with no driving privileges. November 13, 1998 T. at 6. After approaching the vehicle from the passenger's side, Officer Nelson observed in plain view a knife strapped to the gear shift. Id. at 7. Ms. Class was ordered out of the vehicle and a more detailed search of the vehicle was conducted "since we had located a weapon." Id. The videotape shows the arrival of a tow truck just moments after the search of the vehicle indicating an impound of the vehicle was anticipated before the knife was found. At the November 13, 1998 hearing, Officer Nelson testified the "vehicle was impounded because he was driving under suspension because that is our procedure." Id. at 12. Officer Nelson explained "we impound on every incidence." Id. Although not a basis of the trial court's decision, we find the search was conducted for officer safety. Terry; State v. Smith (1978), 56 Ohio St.2d 405. Upon review, we find the trial court did not err in finding the search was a lawful inventory search and not pretextual. Assignment of Error III is denied.
 IV
Appellant claims his speedy trial rights were violated. We disagree. The trial court addressed this issue in its September 3, 1998 judgment entry, an entry filed before the two hundred and seventy days had passed: FINDS that the statutory speedy Trial time period for the Trial of the Indictment in this case required by Section 2945.71(C)(2), Ohio Revised Code, should be enlarged to include the assignment of the case file responsibility in this case to another Judge and the scheduling and conducting of a Trial relative to the felony criminal charge set forth in the Indictment in this case. The authority for the enlargement of the statutory speedy Trial time period for the Trial of the Indictment in this case is Sections 2945.72(E) and (H), Ohio Revised Code.
The trial court made this ruling because appellant had filed a lawsuit against the undersigned judge and said judge recused himself. In addition, we note appellant did not raise this issue at the trial court level. Pursuant to Williams, supra, paragraph one of the syllabus, any claimed error not preserved for the record is waived: An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph one of the syllabus of State v. Glaros, 170 Ohio St. 471,166 N.E.2d 379, approved and followed.)
Because appellant never raised the speedy trial issue to the trial court, he waived any such claim or error. State v. Hensley (February 11, 1998), Fairfield App. No. 97CA57, unreported. Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
GWIN, P.J. and WISE, J. CONCUR.