The State of Ohio, Appellant, *v.* Robinson, Appellee.

(No. 78-1206—Decided June 27, 1979.)

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. Daniel J. Breyer* for appellant.

*Mr. Allen Brown* and *Mr. Mark Eckerson*, for appellee.

HERBERT, J. The query posed for resolution in the cause *sub judice* is whether the Fourth Amendment to the United States Constitution is contravened when police, pursuant to standard department procedure, conduct an inventory search of the trunk of a lawfully impounded automobile.

Appellant agrees that a routine inventory search of a lawfully impounded automobile may be no more intrusive than is necessary to protect personal property located within the vehicle, and to guard the interests of the police. Appellant argues, however, that the instant search did not exceed these limitations and was reasonable within the meaning of the Fourth Amendment.

Whether a particular search and seizure is unconstitu-

tional depends upon the facts and circumstances of the cause. *Cooper* v. *California* (1967), 386 U. S. 58, 59; *Coolidge* v. *New Hampshire* (1971), 403 U. S. 443, 509-510 (Justice Black, concurring and dissenting); *South Dakota* v. *Opperman* (1976), 428 U. S. 364, 373. In *Opperman*, the United States Supreme Court considered the constitutional propriety of police inventory searches. The court stated, at page 373: "[T]his court has consistently sustained police intrusions into automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents." The court concluded that a routine inventory search of a lawfully impounded automobile is not unreasonable within the meaning of the Fourth Amendment when performed pursuant to standard police practice, and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded automobile. It appears logical to conclude from this that a pretextual search is not an inventory search.

The *Opperman* decision did not condone vehicle inventory searches of unlimited scope. Justice Powell, in his concurring opinion at page 380, stated: "Upholding searches of this type provides no general license for the police to examine all the contents of such automobiles." Nevertheless, in discussing the holding in *Cady* v. *Dombrowski* (1973), 413 U. S. 433, a cause in which the court upheld a custodial search of the trunk of an impounded vehicle, the *Opperman* court stated at pages 374-375: "[T]he protective search [in *Cady*] was carried out in accordance with *standard procedures* in the local police department * * *, a factor tending to ensure that the intrusion would be limited in scope to the extent necessary to carry out the caretaking function." (Emphasis *sic.*)

In the cause at bar, the Court of Appeals concluded that the search of appellee's trunk went beyond the bounds of *Opperman*. We disagree. In our opinion, a standard inventory search of the trunk of a lawfully impounded automobile does not contravene the Fourth Amendment to the

United States Constitution. Furthermore, the use of the bags of marijuana as evidence in the trial below was permissible, and the motion to suppress that evidence was properly overruled by the trial court. *United States* v. *Edwards* (C. A. 5, 1978), 577 F. 2d 883, certiorari denied, 99 S. Ct. 458. See *Cady* v. *Dombrowski, supra; United States* v. *Wade* (C. A. 5, 1977), 564 F. 2d 676; *United States* v. *Gravitt* (C. A. 5, 1973), 484 F. 2d 375, certiorari denied, 414 U. S. 1135; *State* v. *Wallen* (1970), 185 Neb. 44, 173 N. W. 2d 372; *State* v. *Walker* (1978), 119 Ariz. 121, 579 P. 2d 1091.

As stated in *United States* v. *Edwards, supra,* at page 893: "[s]o long as the scope of the search is reasonable, taking into consideration the three interests to be protected by the inventory, * * * [it will] be held to be a constitutionally permissible intrusion."* See, also, *United States* v. *Balanow* (N. D. Ind. 1975), 392 F. Supp. 200, affirmed 528 F. 2d 923; *United States* v. *Gerlach* (E. D. Mich. 1972), 350 F. Supp. 180; *People* v. *Trusty* (1973), 183 Colo. 291, 516 P. 2d 423; Annotation 48 A. L. R. 3rd 537.

The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

CELEBREZZE, C. J., P. BROWN, SWEENEY, LOCHER and HOLMES JJ., concur.

W. BROWN, J., dissents.

---

*South Dakota* v. *Opperman* (1976), 428 U. S. 364, at page 369, recognized that inventory procedures are designed to accommodate the following distinct needs: (1) the protection of the owner's property while it remains in police custody; (2) the protection of police against claims or disputes over lost or stolen property; and (3) the protection of the police from potential danger.