The STATE of Ohio, Appellant,

v.

SMITH, Appellee.

[Cite as *State v. Smith* (1992), 80 Ohio App.3d 337.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60262.

Decided May 26, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, for appellant.

*Stuart A. Saferin,* for appellee.

DAVID T. MATIA, Chief Justice.

Plaintiff-appellant appeals from the Cuyahoga County Court of Common Pleas judgment granting defendant-appellee's motion to suppress evidence. Appellant argues that the evidence seized was properly seized as the result of a valid inventory search of appellee's vehicle. On review, the court finds no error and affirms the judgment of the trial court.

## STATEMENT OF THE FACTS

On the evening of November 30, 1989, defendant-appellee Frank Smith was arrested for violation of state drug laws. On that evening, appellee Smith was standing in the parking lot of the King Kennedy Housing Project with another male. Detective Thomas Parkinson of the Cleveland Police Department Narcotics Unit testified that he and United States Post Office Special Agent Paul Hartman were on duty that night as members of the United States Attorney's Gang Task Force when they observed appellee Smith and the male exchange money and drop several objects to the ground. Appellee Smith and the male tried to escape, but were apprehended by the officers. The dropped objects contained what later tested positive for crack cocaine and marijuana. Marijuana was also found on appellee when he was later searched.

Both men were placed under arrest and advised of their rights and then questioned and searched. A set of Nissan car keys was found in appellee's pocket. The officers looked around the parking lot and spotted a Nissan with

the license plate "Capone 1" on it. A license plate check listed the owner as appellee Frank Smith.

At that point the officers decided to tow the Nissan and before doing so Detective Parkinson conducted an inventory search of the vehicle. In the trunk of the Nissan the officer found a plastic bag with cocaine in both crack and powder form.

## STATEMENT OF THE CASE

On November 30, 1989, defendant-appellee, Frank Smith, was arrested for violation of drug laws.

On February 22, 1990, the Cuyahoga County Grand Jury returned a three-count indictment against appellee Smith.

On April 27, 1990, counsel for appellee filed a motion to suppress evidence. Appellee's motion was granted in part, to wit, that evidence which was seized from the trunk of appellee's vehicle was suppressed.

The state timely appealed, and the case is now before this court upon review.

## ASSIGNMENT OF ERROR

"The trial court erred in suppressing evidence seized as the result of a valid inventory search of defendant-appellee's motor vehicle."

Appellant argues in its sole assignment of error that the trial court erred in suppressing evidence. Specifically, appellant contends that the evidence seized from appellee's vehicle was seized as a result of a valid inventory search.

This assignment of error is not well taken.

*Issue:* Whether the evidence seized from appellee's car was properly suppressed pursuant to a valid inventory search

The question to be determined by this appeal is whether the search of appellee's automobile was a valid "inventory search," or, rather, an unreasonable and warrantless search in violation of the Fourth Amendment.

In *S. Dakota v. Opperman* (1976), 428 U.S. 364, 373, 96 S.Ct. 3092, 3099, 49 L.Ed.2d 1000, 1007, the United States Supreme Court recognized the constitutional validity of police inventory searches, "where the process is aimed at securing or protecting the car and its contents." In *State v. Robinson* (1979), 58 Ohio St.2d 478, 480, 12 O.O.3d 394, 395, 391 N.E.2d 317, 318, the Ohio Supreme Court, in interpreting the *Opperman* decision stated:

" * * * The court concluded that a routine inventory search of a lawfully impounded automobile is not unreasonable within the meaning of the Fourth Amendment *when performed pursuant to standard police practice, and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded automobile. It appears logical to conclude from this that a pretextual search is not an inventory search.*" (Emphasis added.)

█ The purpose of an inventory search is "aimed at securing or protecting the car and its contents." *Opperman, supra.* The facts in this case indicated security was a pretext, since appellee Smith was in the very near vicinity of his vehicle and could have made other arrangements for the safekeeping of the vehicle.

█ In *Opperman,* the Supreme Court listed five factors which justify an inventory search:

1. The automobile was lawfully impounded;

2. The inventory was conducted after impoundment;

3. The owner was not present to make other arrangements for the safekeeping of the vehicle;

4. The inventory was prompted by valuables in plain view and was pursuant to standard police procedure; and

5. The inventory was not a pretext to conceal an investigatory search.

The within appeal may turn on whether the term "lawfully impounded" thus, applies to the vehicle immediately after it was attached to the police tow. In interpreting the Supreme Court decision in *Opperman,* we find that the words "lawfully impounded" attach once the car is in the security of the station house. We reason thus, because in accordance with *Opperman,* the investigation must be conducted after impoundment and pursuant to standard police procedure. The police officer in the field, involved in the arrest of a suspected offender of the law, may not necessarily be in a position to conduct standard police procedure in regard to listing the contents of the car or placing the valuables or other evidence in a place for safekeeping. We conclude, therefore, that an automobile is lawfully impounded once it is in the security of the station house. Accord *State v. Bronaugh* (1984), 16 Ohio App.3d 237, 241, 16 OBR 260, 264, 475 N.E.2d 171, 175. ("It is evident that a station-house search of every item carried on or by a person who has lawfully been taken into custody by the police will amply serve the important and legitimate governmental interests involved." *Illinois v. Lafayette* [1983], 462 U.S. 640, 648, 103 S.Ct. 2605, 2610, 77 L.Ed.2d 65, 72.)

In the case *sub judice*, the trial court found that the police inventory search did not resemble a standard police inventory search, but, rather, appeared to have occurred so that the arresting officer could gather evidence rather than inventory the car. A search which is conducted with an investigatory intent, and which is not conducted in the manner of an inventory search, does not constitute an "inventory search" and may not be used as pretext to conduct a warrantless evidentiary search. *State v. Caponi* (1984), 12 Ohio St.3d 302, 303, 12 OBR 375, 376, 466 N.E.2d 551, 553. Accord *State v. Williams* (1988), 54 Ohio App.3d 117, 119, 561 N.E.2d 1038, 1040; *State v. Brown* (1992), 63 Ohio St.3d 349, 588 N.E.2d 113.

Accordingly, the trial court properly suppressed the evidence taken from appellee's car, as the search contravened the dictates of the Fourth Amendment.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA and FRANCIS E. SWEENEY, JJ., concur.