The STATE of Ohio, Appellee,

v.

COLE, Appellant.

[Cite as *State v. Cole* (1994), 93 Ohio App.3d 712.]

Court of Appeals of Ohio,
Summit County.

No. 16414.

Decided March 23, 1994.

*Lynn Slaby,* Summit County Prosecuting Attorney, and *William D. Wellemeyer,* Assistant Prosecuting Attorney, for appellee.

*Nicholas Swyrydenko,* for appellant.

Cook, Judge.

Michael Cole appeals his conviction for improper handling of a firearm in a motor vehicle, R.C. 2923.16(C). Cole contends that the trial court erred (1) in failing to suppress the evidence obtained during the inventory search of his automobile, and (2) in failing to dismiss the misdemeanor charge for lack of a speedy trial. We reverse because Cole's automobile was unlawfully impounded; therefore, the inventory search was improper.

At 6:20 p.m. on January 26, 1993, Cole was arrested in an area with numerous complaints of drug activity. Two Akron police officers were on routine patrol in an effort to observe and screen some of that drug activity. The officers observed Cole drive his vehicle into the parking lot across the street from where they were driving their cruiser. Cole backed his car into the first parking space in front of the apartment building and exited his car. He then stood by his car and talked with Willie Biddings, who lived in the apartment building. The officers drove across the street into the parking lot where Cole was. One of the officers watched Cole because Cole was watching the cruiser. Cole then turned away from the officers and it appeared to one of the officers that Cole dropped something on the ground. The officers parked next to Cole's vehicle and saw a rock of cocaine and a razor blade near the vehicle's rear tire. Cole admitted that the razor was his; it field-tested positive for cocaine. After Cole was arrested,

another police officer came to the scene and inventoried the contents of the vehicle in preparation for its being towed to the impoundment lot. The inventory officer found a loaded firearm in the trunk of Cole's vehicle.

Cole was indicted for drug abuse, a felony, and improper handling of a firearm in a motor vehicle, a misdemeanor. He moved to dismiss the misdemeanor because the statutory time period had expired, and he moved to suppress the evidence because of an improper *Terry* stop and an unlawful impoundment of his car. The trial court denied the motion to dismiss, relying on *State v. Leanza* (Sept. 1, 1982), Summit App. No. 10506, unreported, 1982 WL 2746, and denied the motion to suppress because, under the totality of the circumstances, the officers were justified in seizing Cole. A jury found him not guilty of drug abuse, but guilty of improper handling of a firearm.

Cole now appeals, asserting two assignments of error:

### Assignment of Error II

"The trial court erred in denying defendant's motion to suppress illegally obtained evidence."

With this assignment of error, Cole argues that the evidence against him should have been suppressed for two reasons. Cole contends that the investigatory stop of him and the routine inventory of his vehicle were improper.

### 1. *Investigatory Stop*

Cole contends that the officers' investigatory stop of him was improper because they did not have specific articulable facts that would give rise to a reasonable suspicion of criminal activity. Initially, Cole bases this claim on the asserted fact that the officers seized him as they were driving across the street because they activated their overhead lights at that time. We note at the outset that in a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. See *State v. Clay* (1973), 34 Ohio St.2d 250, 251, 63 O.O.2d 391, 391–392, 298 N.E.2d 137, 138. In ruling on the motion to suppress, the trial court did not find that the officers had activated their overhead lights while they were crossing the street. In fact, the testimony at the motion to suppress hearing established that the only light the officers may have activated was a spotlight or searchlight, not their overhead lights.

Cole next contends that even if the officers did not seize him until they saw him make a furtive movement, that movement alone is not sufficient to justify an investigatory stop. We find that Cole's suspicious movement along with the total circumstances justified the officers' investigation of Cole. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.

## 2. *Routine Inventory Search*

■ With this argument, Cole asserts that the inventory search of his vehicle was not valid, because his vehicle was illegally impounded. Cole contends that his vehicle was not subject to a traffic stop on a public street, that it was lawfully parked on private property, and that its contents were not in danger; therefore, the police did not have a valid reason for impounding it. We note that the state bears the burden of establishing that a warrantless search is valid under one of the exceptions to the warrant requirement. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus; *State v. Kessler* (1978), 53 Ohio St.2d 204, 207, 7 O.O.3d 375, 376–377, 373 N.E.2d 1252, 1255. In this case, the state contends that the search of Cole's car was valid as a routine inventory search of an impounded vehicle.

■ In *South Dakota v. Opperman* (1976), 428 U.S. 364, 373, 96 S.Ct. 3092, 3099, 49 L.Ed.2d 1000, 1007, the United States Supreme Court recognized the constitutional validity of police inventory searches of lawfully impounded automobiles, "where the process is aimed at securing or protecting the car and its contents." "In the interests of public safety and as part of what the Court has called 'community caretaking functions,' * * * automobiles are frequently taken into police custody." *Id.* at 368, 96 S.Ct. at 3097, 49 L.Ed.2d at 1005. The Ohio Supreme Court, in interpreting *Opperman*, said that a routine inventory search of a lawfully impounded automobile is constitutional when performed pursuant to a standard practice and not merely as a pretext for an evidentiary search. *State v. Robinson* (1979), 58 Ohio St.2d 478, 480, 12 O.O.3d 394, 395–396, 391 N.E.2d 317, 318, certiorari denied (1979), 444 U.S. 942, 100 S.Ct. 297, 62 L.Ed.2d 309. Thus, in determining whether an inventory search is valid, a court initially must determine whether the police "lawfully impounded" the vehicle. See *State v. Suttles* (Feb. 2, 1994), Summit App. No. 16333, unreported, 1994 WL 30494 (this court determined that the automobile was lawfully impounded after the police officer made a good faith effort in finding a third party to drive the appellant's vehicle where appellant's driving privileges were suspended).

■ In this case, the state failed to offer any valid reason for the removal of Cole's vehicle. Cole was not arrested while in his car or for a traffic offense. There is no evidence that the car was not lawfully parked. The state did not present any evidence that the officers made a good faith effort to find a third party to secure its contents or drive the car if needed. On appeal, the state made no argument to this court that Cole's vehicle was lawfully impounded and, at the trial court, the state merely contended that the vehicle was towed pursuant to its policy of towing a vehicle when a suspect is placed under arrest. At the motion to suppress hearing, the prosecutor elicited from the inventory officer the following testimony:

"Q. And why did you conduct this inventory of his vehicle?

"A. Mr. Cole had been placed under arrest, and it's City of Akron Police Department procedure to—when we tow a vehicle, we inventory the vehicle for damages or items in the vehicle so that the person can't come back at a later date and state that something's been taken or damage was caused to the vehicle.

"* * * *

"Q. Is it the normal procedure at the Akron Police Department to conduct an inventory when someone's placed under arrest?

"A. Yes, it is."

This testimony did not show any valid or standard criteria for determining when a vehicle will be impounded. See *Colorado v. Bertine* (1987), 479 U.S. 367, 375, 107 S.Ct. 738, 743, 93 L.Ed.2d 739, 748 ("Nothing in Opperman or Lafayette prohibits the exercise of police discretion so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.").

The second assignment of error is well taken.

### Assignment of Error I

"The trial court erred in denying defendant's motion to dismiss count two of the indictment."

Because the loaded firearm found in the trunk of Cole's vehicle should have been suppressed, this assignment of error is rendered moot.

The judgment of the trial court is reversed and the case is remanded to the trial court.

*Judgment reversed*
*and cause remanded.*

BAIRD, J., concurs.

QUILLIN, J., dissents.