DECISION AND JOURNAL ENTRY
Appellant, Jackie Robinson, appeals from his convictions in the Summit County Court of Common Pleas for carrying a concealed weapon and having a weapon while under disability. We affirm.
On August 17, 1999, Officers Englehart and Spencer of the City of Akron Police Department encountered a disabled vehicle at the intersection of Cedar Street and Wabash Avenue in Akron, Ohio. Mr. Robinson stood alongside the vehicle, while his female companion, Ramell Clinton, remained seated in the passenger's seat. When Officers Englehart and Spencer approached the vehicle, Mr. Robinson asked the officers for a jump start from their police cruiser. Officer Englehart relayed the department's policy against jump starting disabled vehicles with police cruisers. Despite the officers' inability to jump start the vehicle, the officers offered to help Mr. Robinson push the vehicle into a nearby parking lot and call a tow truck. Mr. Robinson accepted the offer to push the vehicle into the parking lot, but declined the call to a towing company.
In accordance with standard procedure, Officer Englehart asked Mr. Robinson for identification. Mr. Robinson could not locate his identification, but supplied the officer with his name, social security number, and date of birth. From this information, the police computer system revealed that Mr. Robinson had a suspended driver's license, but more substantially, it identified active warrants for Mr. Robinson's arrest. After learning this information, Mr. Robinson was arrested, searched, and placed in the police cruiser.
It was the policy of the Akron Police Department to tow a vehicle when the driver is arrested and there is no one to drive it; therefore, Mr. Robinson's car had to be towed. In conformance with proper police procedure, Officer Englehart conducted an inventory search of the vehicle in the parking lot prior to the car being towed. Upon commencing his search, Officer Englehart found a beer can lodged between the front door and the driver's seat and a marijuana "roach" in the ashtray. His search was interrupted by the return of Ms. Clinton. After running her identification through the police computer system, it was discovered that she too had active warrants for her arrest. Consequently, the officers arrested Ms. Clinton and called for backup. When Officer Englehart resumed his inventory search, he looked in the center console and found some clothing, including a pair of gloves. Next, he searched the trunk where he found a toy gun wrapped in a paper bag. Officer Englehart returned to the driver's side, whereupon he found a loaded .38 Special Revolver under the driver's seat.
Officers Angela Lewis and William Scott of the Akron Police Department responded to the backup call. Officer Lewis completed the tow report, which required her to look through the car and make an inventory report. In the center console, Officer Lewis found a knit cap with the eyeholes cut out, latex gloves, and other gloves with rubber gripping.
Subsequently, the Summit County Grand Jury indicted Mr. Robinson on four separate counts: (1) carrying a concealed weapon, in violation of R.C. 2923.12; (2) having a weapon while under disability, in violation of R.C. 2923.13(A)(2); (3) possession of marijuana, in violation of R.C.2925.11(A); and (4) illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). Thereafter, the state moved to dismiss counts two (having a weapon while under disability), three (possession of marijuana), and four (illegal use or possession of drug paraphernalia), which were dismissed by the trial court. On November 10, 1999, Mr. Robinson was indicted on an additional count: having a weapon while under disability, in violation of R.C. 2923.13(A) and (B). Prior to trial, Mr. Robinson moved to suppress the evidence seized during the search of his person and the vehicle. The trial court denied Mr. Robinson's motion to suppress on October 5, 1999.
A jury trial was held, commencing on November 22, 1999. At trial, Mr. Robinson testified in his defense. At the close of the state's case-in-chief and at the close of all evidence, Mr. Robinson made a Crim.R. 29 motion for acquittal, which was denied by the trial court. In a verdict journalized on November 29, 1999, the jury found Mr. Robinson guilty of carrying a concealed weapon and having a weapon while under disability. He was sentenced accordingly. This appeal followed.
 II.
Mr. Robinson asserts two assignments of error. We will address each in turn.
 A. First Assignment of Error TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPRESS [sic] EVIDENCE AGAINST HIM PROCURRED BY WAY OF A WARRANTLESS SEARCH OF HIS AUTOMOBILE.
 In his first assignment of error, Mr. Robinson avers that the police improperly searched his vehicle, thereby violating his right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution and Section 14, Article I
of the Ohio Constitution, and that therefore, the trial court erred in denying his motion to suppress the evidence seized as a result of this search. We disagree.
"At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." State v.Smith (1991), 61 Ohio St.3d 284, 288. Thus, an appellate court "is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997), 118 Ohio App.3d 739, 741. However, an appellate court's review of the trial court's application of law to those facts is de novo. Id.; see, also, Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911, 920.
Generally, a search warrant is required when police officers search a person or their property. Fourth Amendment to the United States Constitution; Section 14, Article I, Ohio Constitution. However, the United States Supreme Court has outlined various exceptions to the warrant requirement, including an inventory search. Colorado v. Bertine
(1987), 479 U.S. 367, 371, 93 L.Ed.2d 739, 745. Inventory searches are deemed "a well-defined exception to the warrant requirement of theFourth Amendment." Id. The justification for inventory searches stems from three administrative caretaking functions: (1) protecting an individual's property while it is in police custody; (2) protecting the police from claims of lost, stolen, or vandalized property; and (3) protecting the police from danger. South Dakota v. Opperman (1976), 428 U.S. 364, 369,49 L.Ed.2d 1000, 1005. Since an inventory search advances administrative caretaking functions, the policies underlying the Fourth Amendment warrant requirement, including the standard for probable cause, are not implicated. Id. at 370, 49 L.Ed.2d at 1006, fn. 5; see, also, State v.Mesa (1999), 87 Ohio St.3d 105, 109. As such, the validity of an inventory search is subject to a "reasonableness" test. Opperman,428 U.S. at 370, 49 L.Ed.2d at 1006.
The Ohio Supreme Court stated:
 [A] routine inventory search of a lawfully impounded automobile is not unreasonable within the meaning of the Fourth Amendment when performed pursuant to standard police practice, and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded automobile.
State v. Robinson (1979), 58 Ohio St.2d 478, 480, citing Opperman,supra.
To determine if an inventory search is valid, the court must first determine whether the police lawfully impounded the vehicle. A vehicle can be lawfully impounded when the occupant of the vehicle is arrested.State v. Taylor (1996), 114 Ohio App.3d 416, 422. Officer Englehart arrested Mr. Robinson pursuant to the outstanding arrest warrants, and at that point, the vehicle became lawfully impounded and subject to search. Moreover, Officer Englehart testified that he was adhering to the standard policy of the City of Akron Police Department in deciding to tow the vehicle after Mr. Robinson's lawful arrest and in conducting the inventory search prior to the tow. See State v. Semenchuk (1997),122 Ohio App.3d 30, 40 (stating that introducing testimony of standard policy procedures at trial is sufficient to validate an inventory search). Further, there is no evidence to support a contention that the search was conducted as a pretextual evidentiary search. Therefore, we conclude that the trial court did not err in denying Mr. Robinson's motion to suppress. Mr. Robinson's first assignment of error is overruled.
 B. Second Assignment of Error APPELLANT'S CONVICTION ON CHARGES OF CARRYING CONCEALED WEAPONS AND HAVING WEAPONS WHILE UNDER A DISABILITY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND/OR WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE[.]
 Mr. Robinson argues that his convictions for carrying a concealed weapon and having a weapon while under disability were based upon insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case.
As a preliminary matter, we note that sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,387.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
 (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Mr. Robinson was found guilty of carrying a concealed weapon, in violation of R.C. 2923.12(A), which states in relevant part that "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance." Additionally, Mr. Robinson was found guilty of having a weapon while under disability, in violation of R.C. 2923.13, which states in pertinent part that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been convicted of any felony offense of violence[.]" R.C. 2923.13(A). Further, pursuant to R.C. 2923.13(B), "[n]o person who has been convicted of a felony of the first or second degree shall violate division (A) of this section within five years of the date of the person's release from imprisonment or from post-release control that is imposed for the commission of a felony of the first or second degree." A violation of R.C. 2923.13(B) is a felony of the third degree. R.C. 2923.13(C).
At trial, evidence was presented that Mr. Robinson was previously convicted of aggravated robbery, among other charges, and was released from imprisonment within the past five years. Hence, Mr. Robinson's argument focuses on whether he knowingly "had" the firearm. Mr. Robinson contends that his convictions should be reversed because the state did not prove that he "had" the weapon that was found in the vehicle. However, we find that there is ample evidence presented at trial to show that Mr. Robinson "had" the weapon that was found in the vehicle, irrespective of ownership. In order for one to "have" a firearm under R.C. 2923.12 and 2923.13, a person must actually or constructively possess it. See State v. Martinsons (June 17, 1998), Medina App. Nos. 2708-M and 2742-M, unreported, at 8, fn. 1. Constructive possession requires immediate access to the weapon. State v. Butler (1989),42 Ohio St.3d 174, 176. The use of circumstantial evidence can be used to support a finding of constructive possession. State v. Grundy (Dec. 9, 1998), Summit App. No. 19016, unreported, at 22. Lastly, mere access to the weapon can establish guilt, that is, ownership is not a prerequisite to determining whether someone "had" the weapon. State v.Hussing (Jan. 27, 1994), Cuyahoga App. No. 63838, unreported, 1994 Ohio App. LEXIS 276, *15-*16.
Although Mr. Robinson denied ownership of the weapon at trial, Officer Englehart testified that Mr. Robinson indicated he was the driver of the vehicle on August 17, 1999 and that he found a .38 caliber revolver under the driver's seat hidden by a bag of peanuts. Even though Mr. Robinson's mother was the owner of the vehicle, Mr. Robinson was the vehicle's primary user, in that, he drove it daily to and from work. His mother testified that she owns a .38 caliber revolver; however, she stated that she never carries it in her car. Moreover, she denied ownership of any gun found in the vehicle. Lastly, Officer Spencer testified that on August 17, 1999, Ms. Clinton claimed ownership of the gun. Mr. Robinson argues that Ms. Clinton's assertion of ownership in conjunction with the other evidence presented at trial supports his contention that he did not "have" the gun. However, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon a careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Mr. Robinson of carrying a concealed weapon and having a weapon while under disability. Consequently, we conclude that Mr. Robinson's assertion that the state did not produce sufficient evidence to support a conviction, therefore, is also without merit. See Roberts,supra, at 4. Accordingly, Mr. Robinson's second assignment of error is overruled.
 III.
Mr. Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J. WHITMORE, J. CONCUR