OPINION
This is an appeal by appellant, William Totten, from his conviction in the Franklin County Court of Common Pleas of two counts of cocaine possession in violation of R.C. 2925.11. We affirm.
Appellant was indicted in a two-count indictment in 1999. Count one of the indictment charged appellant with possession of more than 25 grams but less than 100 grams of crack cocaine and count two charged appellant with possession of 100 grams of cocaine but less than 500 grams. The evidence was obtained after a traffic stop of appellant, on suspicion of drunk driving, by officers of the Whitehall Police Department who conducted a pat-down search of appellant and found two small bags of marijuana in his pocket. Upon finding the marijuana, the officers proceeded to search appellant's automobile and found the cocaine that is the basis of the indictment.
Appellant moved to suppress the evidence obtained in the automobile search. The trial court denied the motion, finding that the automobile search was a valid warrantless search based on probable cause under the automobile exception to the exclusionary rule. Thereafter, appellant pleaded no contest to both charges and was sentenced to seven years incarceration on each count to be served concurrently at the Ohio Department of Rehabilitation and Corrections. The trial court also imposed a $17,500 mandatory fine and ordered appellant to pay court costs.
 Appellant appeals, asserting the following single assignment of error:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS FRUITS OF THE WARRANTLESS SEARCH OF DEFENDANT'S MOTOR VEHICLE.
Appellant was arrested on October 21, 1998, by Whitehall police officers for OMVI. In a pat-down search conducted contemporaneous to the arrest, officers found two bags of marijuana in appellant's pockets. After placing appellant in the police cruiser, one of the arresting officers went back to appellant's car intending to conduct an inventory search because the car was going to be impounded. Shortly after initiating the search, the officer found an Altoids mint tin in the door pocket of the driver's side of the vehicle. The officer opened the tin and found what he suspected to be crack cocaine. At that point, the officer stopped the search and had the vehicle towed to police headquarters.
Once at headquarters, a canine unit from Columbus was called for assistance. A drug-sniffing dog alerted the police to the presence of more drugs in appellant's car. Inside, police found a bag containing 116 grams of powder cocaine, a bag containing 24.2 grams of crack cocaine, a bag containing one gram of powder cocaine, and a set of scales. Additionally, the officers found nearly $2,500 in cash on appellant's person.
On March 23, 1999, appellant was indicted on two counts of cocaine possession in violation of R.C. 2925.11. On May 24, 1999, appellant filed a motion to suppress the evidence found in his vehicle which constituted the basis for his indictment. Appellant argued below that the search of the vehicle was an improper inventory search and, thus, any evidence found during such search should be characterized as the fruit of a poisonous tree and must be excluded. On November 11, 1999, the trial court issued a ruling on appellant's motion to suppress, finding that the automobile search was valid under the automobile exception to the exclusionary rule. The trial court reasoned that, whatever the nature of the initial search of the car may be, as soon as cocaine was found, at the beginning stages of the search, that search had changed from an inventory search into a warrantless search based on probable cause. It is upon this ruling that appellant bases his appeal that is now before us.
An appellate court may not disturb a trial court's decision on a motion to suppress where some competent, credible evidence supports such motion. State v. Retherford (1994), 93 Ohio App.3d 586. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19. Relying on the trial court's factual findings, an appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691.
Appellant argues here that the state failed to prove whether the warrantless search of his vehicle conducted by the Whitehall Police Department fell within any of the exceptions to the exclusionary rule. Appellant further argues that the trial court's conclusion — that the search of the vehicle changed from an inventory search to that of a warrantless search based upon probable cause after the discovery of the crack cocaine in the Altoid tin — is not supported by the evidence. We disagree.
The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution require police officers to obtain a warrant predicated on probable cause prior to conducting a search unless the search falls within one or more well-defined group of exceptions. SeeKatz v. United States (1967), 389 U.S. 347. Evidence obtained in violation of these constitutional provisions, and not within any of the exceptions, is excluded pursuant to what is commonly referred to as the "exclusionary rule." The three exceptions to the warrant requirement relevant to our analysis are as follows: first, the routine inventory search of lawfully impounded vehicles (provided the evidence does not show that the procedure involved is merely a pretext for an evidentiary search); second, the automobile exception where police officers have probable cause to suspect that a given automobile contains contraband; and, third, a search incident to lawful arrest. See State v. Robinson
(1979), 58 Ohio St.2d 478, certiorari denied (1979), 444 U.S. 942, citing South Dakota v. Opperman (1976), 428 U.S. 364; Carroll v.United States (1925), 267 U.S. 132; New York v. Belton (1981), 453 U.S. 454;United States v. Ross (1982), 456 U.S. 798.
The sole issue in Belton, supra, was whether the police may constitutionally search the passenger compartment of an automobile following the lawful arrest of its occupant. The Supreme Court held that, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Belton, at 460. The court concluded that such a search may extend to any containers located in the passenger compartment, whether the container is open or closed.
The defendant in Belton was riding in a car the police stopped for speeding. Neither the defendant nor any of the other passengers was the owner or related to the owner of that vehicle. In the process, the policeman smelled what he believed to be marijuana and noticed an envelope on the floor of the car marked "supergold," apparently a descriptive name associated with the illegal substance. After conducting a pat-down search of the passengers, the policeman searched the passenger compartment of the car, including the unzipped pocket of a leather jacket belonging to Belton that was on the back seat. Inside, the policeman found cocaine that was later the basis of Belton's indictment for criminal possession of a controlled substance.
In the case at bar, it is undisputed that appellant, the sole occupant of the car, was lawfully stopped and subsequently arrested for OMVI. It is also undisputed that the search of appellant's person was a valid search incident to his arrest. When the Whitehall police searched appellant, they found two bags of marijuana in his pockets. Appellant does not contest the validity of this search.
The record clearly shows that appellant's initial stop was lawful. Then the police made a decision to impound the vehicle and proceeded to conduct a valid inventory search of it. During the inventory search, crack cocaine was found, giving the police probable cause to conduct an evidentiary search of the whole vehicle.
The arresting officers testified that they had made a decision to impound appellant's car following his arrest. Accordingly, they proceeded to conduct an inventory search of the vehicle. When they found the cocaine in the Altoid tin, the inventory search ceased and the car was towed to headquarters. Of significance was the fact that the crack cocaine was found at the initial stages of the inventory search. At that point, the trial court concluded, probable cause arose and, regardless of what label may be attached to the subsequent search of the automobile, it was valid and no warrant was necessary. Appellant's contention that the inventory search was invalid because it was not conducted in accordance with the Whitehall Police Department's policy becomes moot, as long as the initiation of the inventory search was not a pretext. The trial court, based upon the testimony of the arresting officers, found no pretext and we must give deference to that finding. The fact that the inventory procedures were not properly completed is only a factor to consider but not determinative. While it may arguably have been better police procedure to complete the inventory process, it is understandable that the search was immediately halted upon finding what appeared to be a major discovery of crack to obtain the drug sniffing dog to ascertain the correctness of the discovery.
Therefore, we find that the trial court's denial of appellant's motion to suppress is supported by credible, competent evidence. We also find that the search of appellant's vehicle was within the exceptions to the warrant requirement and that any evidence obtained pursuant to such search is admissible.
Appellant's assignment of error is overruled, and the trial court's denial of appellant's motion to suppress is affirmed.
PETREE and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.