[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} In his single assignment of error, the defendant-appellant, Richard Iles, contends that the trial court erred in overruling his motion to suppress evidence discovered and seized by the police as a result of an automobile search. Specifically, he contends that the search was not justified as an "inventory search." We disagree and thus affirm.
{¶ 3} Iles was arrested while driving after the police conducted a license-plate check and determined that he had an open warrant for his arrest. After being placed in the police cruiser, the police began an inventory of the contents of his vehicle before having it towed to the impoundment lot. The officer conducting the inventory found within the glove compartment a package of cigarettes that also contained five morphine pills. Iles was subsequently indicted on the charge of aggravated possession of drugs under R.C. 2925.11(A). Following his unsuccessful attempt to have the evidence suppressed, Iles pleaded no contest to the charge and was sentenced to three years of community control, a $250 fine, and court costs.
{¶ 4} The gist of Iles's argument on appeal is that the search was not a valid inventory search because the officer who conducted the search did not fill out a printed inventory sheet. The officer who conducted the search originally testified that he used the form and, to the best of his memory, inventoried items on the sheet. However, the form was later produced and found to be blank. Given an opportunity to explain, the officer testified, "My only explanation is I must not have filled it out that night."
{¶ 5} An inventory search of a lawfully impounded vehicle does not violate the rights guaranteed by the Fourth Amendment when the search is carried out pursuant to standard police procedures. South Dakota v.Opperman (1976), 428 U.S. 364, 96 S.Ct. 3092; State v. Robinson (1979),50 Ohio St.2d 478, 391 N.E.2d 317. Provided that such procedures are in place, police are allowed to search the vehicle, including containers found in the vehicle. Robinson, supra, at 318, 391 N.E.2d 317.
{¶ 6} Although the officer conducting the search of Iles's vehicle did not fill out the inventory sheet, the trial court correctly concluded that completion of the sheet did not necessarily affect the validity of the search. The issue was whether the search was reasonable under the Fourth Amendment. To determine that issue, the court was required to make a factual determination whether the search was "aimed at protecting the car and its contents" by a standard inventory, or whether the search was a "pretext concealing an investigatory police motive." Opperman, supra, at 373, 96 S.Ct. 3092.
{¶ 7} In reviewing the grant or denial of a motion to suppress, this court is required to give deference to the trial court's findings of historical fact unless they are clearly erroneous. See Ornelas v. UnitedStates (1996), 517 U.S. 690, 699, 116 S.Ct. 1657. On this record, we cannot say that the trial court's finding that the search was motivated by standardized caretaking procedures was clearly erroneous. The officer conducting the search testified that he followed standard police practice in examining the contents of the vehicle before having it towed. And we do not agree with Iles that the scope of the search exceeded its appropriate purpose. The package of cigarettes was found in the glove compartment, a place where personal effects are usually stored. According to the officer conducting the inventory, the top of the cigarette package was already "rolled down." The fact that the officer opened the package further to find the pills did not alter the reasonable nature of the search.
Therefore, the judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN, and SUNDERMANN, JJ.