**THE STATE of Ohio, Appellee,**

v.

**COLLURA, Appellant.**

[Cite as *State v. Collura* (1991), 72 Ohio App.3d 364.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57794.

Decided Feb. 4, 1991.

*Ronald James,* Assistant Prosecuting Attorney, for appellee.

*Barragate & Barragate* and *Michael I. Greenwald,* for appellant.

NAHRA, Judge.

Gary M. Collura appeals the trial court's denial of his motions to suppress evidence and to dismiss the charges against him on speedy trial grounds. Because we find that both motions should have been granted, we reverse the judgment of the trial court and order that appellant be discharged.

Appellant's wife, Tracy Collura, reported incidents of domestic violence to the Maple Heights Police Department on November 20 and November 21, 1987. On November 21, 1987, Tracy Collura signed warrants for appellant's arrest on charges of assault, domestic violence and menacing.

Appellant drove his car to the Maple Heights Police Station on the same day accompanied by a friend, Anthony Calapa. Calapa's parents had an ownership interest in the home where the Colluras resided. Appellant and Calapa went to the police station in an attempt to evict appellant's wife from the residence.

Upon his arrival at the police station, appellant was advised of the outstanding warrants and arrested. The domestic violence charge required appellant to appear in court prior to being released. Appellant was arrested on a Saturday, and was accordingly incarcerated over the weekend. However, appellant had parked his car in the police station parking lot, which did not permit overnight parking. The police immediately impounded his car in order to have it towed to a secure lot for safekeeping. This procedure included an inventory search of the automobile.

Patrolman Oliver Ehrbar of the Maple Heights police conducted the inventory search. Within the console, between the front seats of the car, Ehrbar found cocaine, marijuana and drug paraphernalia. Ehrbar found additional drugs as well as cash in two sports bags in the trunk of the car.

Pursuant to the discovery of contraband in appellant's car, five additional charges for violations of drug laws were brought against appellant. The events and their dates from appellant's arrest up through his no contest pleas and sentencing include the following:

| | |
|---|---|
| November 21, 1987: | Appellant arrested. |
| November 25, 1987: | Appellant posts bond. |
| January 28, 1988: | Indictments are issued. |
| February 10, 1988: | Appellant is arraigned, pleads not guilty, and remains free on bond. |
| February 23, 1988: | Pretrial held; appellant requests a continuance until March 22 for an additional pretrial. |
| March 22, 1988: | Appellant files motion to suppress; pretrial is held; hearing set for motion to suppress on April 22, 1988. |
| April 18, 1988: | Appellant moves to continue suppression hearing. |
| April 22, 1988: | Appellant's motion for continuance granted, suppression hearing rescheduled to May 17, 1988. |
| May 17, 1988: | Suppression hearing held; state is ordered to file its brief in opposition by May 31, 1988. |
| August 17, 1988: | Bailiff informs prosecutor that no brief has been filed; prosecutor promises that the brief will be filed soon. |
| August 31, 1988: | State's brief in opposition to appellant's motion to suppress is filed. |

| | |
|---|---|
| September 2, 1988: | Court receives state's brief in opposition. |
| October 27, 1988: | Court denies appellant's motion to suppress; sets pretrial on November 11 and trial on December 9. |
| November 14, 1988: | Pretrial held. |
| December 9, 1988: | Court is engaged in another trial and reschedules trial for January 6, 1989. |
| January 6, 1989: | Appellant requests continuance due to unavailability of counsel, who was injured in a car accident. |
| January 24, 1989: | Appellant requests continuance of trial until March 14, 1989. |
| March 13, 1989: | Appellant files motion to dismiss for denial of speedy trial. |
| March 21, 1989: | Motion hearing and trial set for April 3, 1989. |
| April 17, 1989: | Speedy trial hearing conducted; motion denied; appellant enters no contest plea. |
| May 18, 1989: | Appellant sentenced. |

Appellant brought this timely appeal.

## I

Appellant's first assignment of error reads as follows:

"The lower court erred in failing to dismiss all charges against the defendant pursuant to the motion to dismiss in violation of R.C. 2945.71, *et seq.* The filing of a defense motion to suppress evidence, though tolling the time to which defendant must be brought to trial, does not obviate the requirements that the lower court rule upon the motion within a reasonable period of time nor the state's burden of compliance with the speedy trial statute."

R.C. 2945.71(C)(2) provides that a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after his arrest." Subsection (E) provides further that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

R.C. 2945.72 provides that the speedy trial time can be extended under certain circumstances. Those relevant to the case at bar include:

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

" * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

A continuance will be charged against the state unless the court does all of the following: records the continuance; identifies the party to whom the continuance is chargeable; and indicates the reason for the continuance. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328, paragraph four of the syllabus, approved in *State v. Benson* (1985), 29 Ohio App.3d 321, 323, 29 OBR 448, 450, 505 N.E.2d 987, 990; see, also, *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571.

R.C. 2945.73(B) provides in pertinent part that "a person charged with an offense shall be discharged if not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Pursuant to *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, the speedy trial statute must be strictly construed in favor of the accused.

Appellant was arrested on November 21, 1987. Trial was not conducted until April 17, 1989, at which time appellant pleaded no contest. In his computation of days under R.C. 2945.71 and 2945.72, appellant does not count the time period between January 6 and April 17, 1989. Appellant excludes the time pursuant to R.C. 2945.72(E) and (H) due to his requests for continuances and motion to dismiss.

Appellant accordingly computes his speedy trial time between November 21, 1987 and January 6, 1989, a total of four hundred twelve days. To this total, appellant is entitled to add days pursuant to the triple-count mechanism of R.C. 2945.71(E) for the time he was jailed in lieu of bond. Although the record does not reflect this event, appellant claims to have posted bond on November 25, 1987. The state does not dispute this date. Since the four days from November 21–25 must be counted as twelve, eight days must be added to the four hundred twelve days between November 21, 1987 and January 6, 1989, for a total of four hundred twenty days.

Appellant makes two deductions from the four hundred twenty days. First, he subtracts the seventy days between March 22 and May 31, 1988 pursuant to R.C. 2945.72(E). Appellant filed his motion to suppress on March 22. The state was supposed to file its brief in opposition to appellant's motion by May 31. However, the state did not in fact file its brief until August 31, 1988. The court then overruled appellant's motion on October 27, 1988. Because no continuance is on record extending the state's deadline, appellant correctly charges the days between May 31 and August 31 against the state. See *State v. Geraldo* and *State v. Mincy, supra.* This leaves three hundred fifty days.

Appellant also deducts the fifty-seven days between the state's filing of its brief in opposition on August 31 and the court's denial of appellant's motion to suppress on October 27, 1988. Three hundred fifty days minus fifty-seven

days equals two hundred ninety-three days, well in excess of the two hundred seventy-day maximum of R.C. 2945.71.

■ Appellant fails to note two additional time periods which affect the total. Appellant moved for a continuance and an additional pretrial on February 23. The motion was granted and the pretrial was set for March 22, 1988. Pursuant to R.C. 2945.72(H), the twenty-eight days between February 23 and March 22 must be subtracted from the two hundred ninety-three days, which leaves a total of two hundred sixty-five days.

■ Finally, although appellant excludes the entire period from January 6 through April 17, 1989, there is a fourteen-day period which is unaccounted for on the record. The court's March 21, 1989 journal entry indicated that trial was set for April 3, 1989. There are no more entries until April 17, the date of trial. Since the record does not reflect the reason for the delay or to whom it was attributable, the fourteen days must be charged against the state. See *State v. Geraldo* and *State v. Mincy, supra.* Two hundred sixty-five days plus fourteen days equals two hundred seventy-nine days.

Therefore, appellant was not brought to trial within the time limits of R.C. 2945.73. The trial court erred in denying appellant's motion for dismissal, and appellant's first assignment of error is well taken. Pursuant to R.C. 2945.73, appellant is hereby discharged.

## II

Appellant's second assignment of error reads as follows:

"The lower court erred in overruling the appellant's motion to suppress the evidence."

■ Appellant asserts that the impoundment and subsequent search of his automobile violated his Fourth Amendment right to be protected from unreasonable searches and seizures. Appellant claims that the inventory search was not valid, because his vehicle was illegally impounded. Appellant argues that his car was parked safely and legally; that its contents were not in danger; and that his companion was ready, willing and able to take the car for safekeeping without impoundment. Because the impoundment was therefore unlawful, he claims that the subsequent search was also unlawful, and the contraband seized must be suppressed.

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (Citations omitted.) *Katz v. U.S.* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585.

The state bears the burden of establishing that a warrantless search falls within one of the exceptions to the warrant requirement. *State v. Kessler* (1978), 53 Ohio St.2d 204, 207, 7 O.O.3d 375, 376, 373 N.E.2d 1252, 1255.

■ Warrantless inventory searches of automobiles are only permissible where the automobile has been legally impounded, and where the inventory search is not merely a pretext for an investigative search. *South Dakota v. Opperman* (1976), 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000; *State v. Robinson* (1979), 58 Ohio St.2d 478, 12 O.O.3d 394, 391 N.E.2d 317, certiorari denied (1979), 444 U.S. 942, 100 S.Ct. 297, 62 L.Ed.2d 309. Therefore, we must determine whether appellant's automobile was legally impounded.

In the *Opperman* case, the automobile was parked in a restricted zone. When the car was not removed despite having been twice ticketed, it was presumed abandoned, and towed. An inventory search was then conducted pursuant to standard procedure. The court determined that impounding the car for traffic safety was legitimate, and that the subsequent inventory search was valid.

More recently, the Supreme Court upheld a warrantless inventory search of an automobile in *Colorado v. Bertine* (1987), 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739. In *Bertine*, the defendant was arrested while in the automobile for driving while intoxicated. Defendant could not remove the car from the road and the police therefore impounded the car and conducted an inventory search.

The Ohio Supreme Court found impoundment of an automobile and the subsequent warrantless inventory search thereof to be legitimate in *State v. Robinson, supra*. In *Robinson*, the defendant was arrested while in his automobile for driving without a valid license. Again, the defendant could not legally remove the car himself; therefore, impoundment was permissible.

Similarly, in *State v. Bronaugh* (1984), 16 Ohio App.3d 237, 16 OBR 260, 475 N.E.2d 171, the defendant was arrested while in the automobile. The car did not belong to the defendant, and his companion did not have a valid operator's license. Impoundment was not found to be illegal.

This case is distinguishable from all of the cases discussed *supra*. In those cases, police had valid reasons for moving the cars. In *Opperman*, the car was abandoned in a restricted parking zone. In the other cases, the driver was subjected to a custodial arrest while out in the car, and no one was immediately available to remove the car for safekeeping.

In the case at bar, appellant's car was not abandoned, and appellant was not arrested in the car on a public highway. The car was legally parked when it was searched. Appellant's friend could have removed the car to avoid the

overnight parking restriction. No pressing public concern existed to justify removal of appellant's car from its legal parking place. Therefore, the impoundment and subsequent inventory search were illegal.

The case at bar is more similar to *State v. Tabasso* (May 29, 1975), Cuyahoga App. No. 34301, unreported, where this court found the impoundment and inventory search of the defendant's car to be invalid. In *Tabasso*, the defendant was not arrested in his car, which was legally parked in the vicinity of, but some distance from, the arrest. The court found that the search could not be justified under any of the exceptions to the Fourth Amendment.

■ Appellee claims that the inventory search does not violate the Fourth Amendment because appellant was lawfully arrested. However, the inventory search of appellant's car cannot be justified under the search-incident-to-arrest exception to the Fourth Amendment. That exception is limited to searches of persons, their personal effects, and the area within their immediate control. See, *e.g., United States v. Robinson* (1973), 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427; *Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, rehearing denied (1969), 396 U.S. 869, 90 S.Ct. 36, 24 L.Ed.2d 124; and *Illinois v. Lafayette* (1983), 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65. Since appellant was not in or near his car, it could not be searched incident to his arrest.

■ The inventory search of appellant's vehicle also does not come within the automobile exception to the Fourth Amendment, which requires probable cause for warrantless automobile searches. *State v. Welch* (1985), 18 Ohio St.3d 88, 18 OBR 124, 480 N.E.2d 384, syllabus, certiorari denied (1985), 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 468; see, also, *United States v. Ross* (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572. Appellee does not claim, and the record does not reflect, that police had probable cause to search appellant's car. None of the other exceptions to the Fourth Amendment is relevant.

The warrantless inventory search of appellant's car was conducted subsequent to the illegal impoundment of the car, and cannot be justified by any of the exceptions to the Fourth Amendment. Therefore, appellant's motion to suppress should have been granted. Appellant's second assignment of error is sustained.

Accordingly, we reverse the judgment of the trial court and order that appellant be discharged.

*Judgment accordingly.*

JOHN V. CORRIGAN, P.J., concurs.

PRYATEL, J., dissents.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.

PRYATEL, Judge, dissenting.

Respectfully I dissent.

Initially it should be noted that (1) the search of the vehicle yielded money amounting to $13,500 in cash located in the trunk, and (2) on November 21, 1987, the date of the second consecutive complaint of domestic violence, appellant's wife (Tracy) apprised Patrolman Carey Tarr that "Gary Collura had taken a loaded .38 caliber handgun, pointed it at her head, and threatened to blow her brains out and that was the substance or the basis we were dispatched to the scene."

In the first assignment of error of untimely trial, appellant argues "the calculation upon which the defendant's motion to dismiss was based recognized the tolling of the time requirement due to defendant's filing a motion, nor the time period reasonably allotted the court to decide the motion. What it does include is the delay *solely* by the State's failure to submit the legal brief when ordered, which brief was designed to trigger the court's ruling."

This is the only basis on which appellant anchors his claimed error. Hence it is the only argument for the state to address (in its response) and for us to evaluate.

The majority concedes that "appellant excludes the entire period from January 6 through April 17, 1989," which includes a fourteen-day interval which is unaccounted for in the record.

This fourteen-day period is unaccounted for because appellant is admittedly not relying upon or arguing it in his brief. Thus, he is waiving any objections to claimed irregularities other than the one advanced in his brief. Accordingly the time consumed should revert to two hundred sixty-five days, well within the statutory two hundred seventy days, rather than the two hundred seventy-nine days counted by the majority.

I would overrule the first assignment of error.

On the second assignment claiming error in overruling the motion to suppress, the police, incident to the arrest, impounded appellant's vehicle which was (lawfully) parked on the city's public lot adjacent to the police department. The police then conducted a search of the vehicle simultaneously to inventory the contents of the car while looking for the .38 caliber handgun

reportedly used by appellant against his wife Tracy. Not to do so would have been a dereliction of duty.

The search netted cocaine, marijuana and drug paraphernalia within the console, and additional drugs as well as $13,500 in cash in two sport bags in the trunk of the car. The police found no gun in the car but learned after the search that Tracy had phoned in that the gun turned up at home.

The majority argues that "[a]ppellant's friend could have removed the car to avoid the overnight parking restriction." The record does not indicate that appellant gave authority to his passenger to do so. Nor is it likely that appellant would have done so in light of the $13,500 cash stashed in the trunk of the car. Nor can the police release any vehicle to anyone other than the owner unless authorized by him to do so.

In answer to the question posed by the prosecutor regarding the removal of vehicles on the premises of the police department, Detective Michael Megyesi, in charge of the Detective Bureau and Property Office, testified as follows:

"It is a common practice for two reasons * * * in a domestic violence * * * an individual has to be taken before the judge for a hearing prior to release. In this case, Mr. Collura would have gotten to the court Monday morning sometime, as soon as the judge was available.

"We have had our problems on our lot with vehicles being damaged, and in fact one vehicle that had been removed without authority from the parking lot. So once we take into custody his vehicle * * * our responsibility is to make sure it's secure.

"Our towing companies * * * have secured lots * * * that's why the officer was instructed to return and have the vehicle impounded. * * * Prior to impounding, the inventory of the vehicle is done, and also the visual check of the outside for damages, and what content the vehicle has inside and outside the vehicle."

On this unrefuted evidence one can hardly conclude—as the majority has—that "[n]o pressing public concern existed to justify removal of appellant's car from its legal parking place."

Nor can I agree with the majority that police lacked probable cause within the automobile exception to the Fourth Amendment which requires probable cause for warrantless automobile searches. We need look no further than Tracy's complaints in domestic violence for both November 20 and November 21—coupled with her November 21 unrebutted accusation that appellant "pointed a loaded .38 caliber handgun at her head and threatened to blow her brains out."

**374**

I would overrule the second assignment of error and affirm the finding of the trial court.