JOURNAL ENTRY AND OPINION
Appellant Jeffrey Szucs claims that Rocky River Municipal Court Judge Donna C. Fitzsimmons erred when she denied his motion to suppress evidence of concealed weapons. He maintains that he was arrested on a non-traffic related offense and his vehicle was on private property and not subject to a warrantless search. Appellee City of North Olmsted counters that the motor vehicle was properly impounded and the evidence was seized according to standard police procedure. We agree with North Olmsted and affirm.
On July 7, 1998, Patrolman Dan Barrett, of the North Olmsted Police Department was dispatched to 4370 Selhurst Drive, the home of Jeffrey and Joni Szucs, on a report of possible domestic violence in progress. When he arrived he was met by Patrolman Goodwin and Sergeants Kilbane and Medves. Szucs was arrested on a domestic violence charge and placed in custody. Szucs and his wife had been separated since April 1998, and Szucs was living in an apartment at 4128 Columbia Square in North Olmsted. On July 2, 1999, the Domestic Relations Court had issued a Temporary Restraining Order prohibiting Szucs from the family home, although he had not yet been served with it on July 7.
Szucs' car was parked in the driveway and partially obstructed the public sidewalk. When asked whether this car was to remain on the property, Mrs. Szucs responded it should not and Barrett was instructed to process the vehicle for impoundment. He filled out a department form and noted the residential address of the owner, Szucs; the processing location of 4370 Selhurst; and the reason for the impoundment as being incident to an arrest. During the inventory search, Barrett discovered a cut down black baseball bat beside the driver's door, and a switchblade knife in the unlocked glove compartment, both of which he tagged as evidence.
Barrett later testified that the purpose of the impoundment form is to list all the property in the vehicle in order to protect the interests of both the city and the owner in the event any of the contents are claimed to be either lost or stolen. This inventory search enables the police to identify all the items in the vehicle before it is towed and protects North Olmsted from false liability claims.
Barrett further testified that, after the discovery of the contraband and about halfway through his inventory of the vehicle, a woman who claimed to be Szucs' mother offered to drive her son's vehicle off the property. Barrett replied he could not release the vehicle into her custody at that time because he could not confirm her identity, and he did not have the permission of the owner to do so. The car was later towed to a storage lot.
On July 23, 1998, Szucs was charged with carrying concealed weapons, R.C. 2923.12(A), and one count of domestic violence, R.C.2919.25. Jury trial was scheduled for November 6, 1998; on that morning Szucs' new lawyer filed several motions, including a motion to suppress and a motion for separate trials. The judge agreed, in the interest of justice, to accept these late filings and, after testimony and arguments, each was overruled.
As a result of these rulings, Szucs withdrew his not guilty plea and entered a plea of no contest to the charge of carrying concealed weapons.
The judge found Szucs guilty and sentenced him to a fine, suspended 180 days of jail time to thirty days of electronically monitored house arrest, imposed two years of active probation, completion of a batterer's treatment program, and a continuation of the TRO prohibitions with slight modification. After the trial on the domestic violence charge, the jury found Szucs not guilty.
Szucs' sole assignment of error states:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE THAT WAS OBTAINED DURING AN INVENTORY SEARCH OF APPELLANT'S MOTOR VEHICLE BECAUSE SAID MOTOR VEHICLE WAS UNLAWFULLY IMPOUNDED.
Szucs maintains that the seizure of the bat and knife from his car, which was parked on private property, was illegal because he was arrested on a non-traffic related offense, and his vehicle and its contents were not subject to a warrantless search as incident to the arrest. He further argues that North Olmsted failed to meet its burden of proof regarding standard police procedure for impounding of vehicles because no written evidence of such a policy was introduced.
North Olmsted counters that it was not required to obtain a warrant to search the vehicle because the police were merely taking an inventory of the vehicle prior to its tow and impoundment pursuant to department policy, and that testimony explaining such policy is sufficient to meet its burden.
Unreasonable searches and seizures are prohibited by theFourth Amendment of the United States Constitution. Warrantless seizures are per se unreasonable unless they fall under one of the recognized exceptions. Katz v. United States (1967), 389 U.S. 347,357. See, also, State v. Collura (1991), 72 Ohio App.3d 364,594 N.E.2d 975. The burden of establishing that a warrantless search meets the requirements of an exception rests on the state. Collura, supra.
`[A] routine inventory search of a lawfully impounded automobile is not unreasonable within the meaning of theFourth Amendment when performed pursuant to standard police practice, and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of an impounded automobile.' State v. Gordon (1994), 95 Ohio App.3d 334, 337,642 N.E.2d 440, 441, quoting State v. Robinson (1979), 58 Ohio St.2d 478,480, 391 N.E.2d 317, 318. An inventory search is deemed necessary in order to protect the property of the owner while it is in police custody, and to protect the police department against possible claims for lost or stolen property. Gordon, supra. The state may sufficiently meet its burden by presenting testimony that the police were adhering to standard police procedure in conducting the inventory search prior to towing. State v. Semenchuk (1997),122 Ohio App.3d 30, 701 N.E.2d 19.
The validity of an inventory search is dependent upon the lawfulness of the initial impoundment. Gordon, supra. In the case sub judice, Barrett testified that it is standard department policy to impound a vehicle whenever a party is arrested and separated from it and he and Kilbane explained that two exceptions to the impound procedure exist: (1) when a licensed third party is available at the scene and the suspect grants him immediate possession of the vehicle and; (2) where a private property resident gives permission for the vehicle to remain on the premises.
Barrett went on to state that because Mrs. Szucs did not want her husband's car on her premises, and Szucs was not present to give possession to his mother, he followed standard procedure and effected an inventory search of the vehicle which yielded the baseball bat and the switchblade.
After careful review of the record, it is clear that Szucs' car was impounded as a result of his arrest on the domestic violence charge, because Mrs. Szucs did not want his car to remain on the property, and because Szucs did not give permission to release his car to anyone. As a result, the only remaining option for Barrett was to impound the car and follow the department procedure to inventory its contents. This assignment of error is overruled.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ ANNE L. KILBANE, JUDGE
TERRENCE O'DONNELL, P.J., AND PATRICIA ANN BLACKMON, J., CONCUR