JOURNAL ENTRY AND OPINION
This appeal raises the issue whether the appellant State of Ohio violated appellee Jeffrey Johnson's speedy trial rights. The State argues the trial court's order for a competency evaluation tolled a large share of the statutory time, thus leaving the State, at best, 55 days within which to try Johnson at the time of dismissal. The State assigns the following error for our review:
 1. THE COURT OF COMMON PLEAS ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO BRING DEFENDANT TO TRIAL WITHIN TWO HUNDRED AND SEVENTY DAYS PURSUANT TO R.C. 2945.71.
Having reviewed the available record and legal arguments of the parties, we affirm the trial court's decision. The apposite facts follow.
On May 27, 1999, the police arrested Johnson for cocaine possession. While awaiting arraignment for this offense, the trial court arraigned Johnson on two unrelated cocaine possession charges. On July 23, 1999, the trial court arraigned Johnson on the May 27, 1999 charge.
On September 10, 1999, the court ordered Johnson transported from jail to the Cleveland Psychiatric Institute (CPI) for a competency evaluation. Neither the transport nor the evaluation took place. While still in jail on March 7, 2000, Johnson filed a pro se motion to dismiss for failure to meet the speedy trial time limit. Although unanswered by the State, the motion seemed to trigger awareness that Johnson was still in jail waiting to be transported for the evaluation. On May 1, 2000, Johnson's appointed counsel moved to dismiss for failure to meet the speedy trial time limit.
During the hearing, the State's lawyer made the following statement:
 Now as we all know, what happened was that, indeed, the Defendant was never taken to CPI. And, that it was not until, I believe, the beginning of April and when this I'm getting from the defense attorney, Mr. McClelland received a telephone call from the Defendant's mother saying that he is in jail still.
 And, I understand that Mr. McClelland pulled his files, checked and realized that indeed the Defendant had been sitting in jail.
 I just would like to note and we've already discussed this, but it was an extended period of time. But, I would also like to note that not only was the Prosecutor's Office not aware of this, the defense attorney also was not aware of the fact that the Defendant had never been taken to CPI, nor the Court.
 At that point, Mr. McClelland, apparently, immediately called Donna, the bailiff. And, at that point, Donna of course realized what had happened and, apparently, made immediate arrangements for the Defendant to be taken to CPI. And, indeed later in the month of April, I believe, around the 25th, there was a report generated by Dr. Eileen Hernandez, a psychiatrist at that facility, relative to her assessment of the Defendant.
 Now, on March 7th of the year 2000, the Defendant filed a motion to dismiss. And, the State believes that at that point, time is tolled.
The trial court, unpersuaded by the State's argument, granted Johnson's May 1, 2000 motion. Our concern is whether any of the time between the court's evaluation order and the court's dismissal tolls the speedy trial statute. To better understand what transpired, we developed the following chart:
CALENDAR SPEEDY TRIAL CUMULATIVE DAYS EXPIRED DAYS EXPIRED TRIAL DAYS DATE EVENT FROM FROM PREVIOUS EXPIRED PREVIOUS DATE DATE
May 27, Arrest N/A N/A N/A 1999
June 4, Arraignment 8 24 (triple 24 1999 on other count of 8 offenses calendar days as per R.C. 2945.71(E))
Sept. Order to 98 72 (26 of 98 96 10, 1999 transport calendar days Johnson from tolled due to jail to defense competency requested evaluation continuance)
March 3, Expiration of 175 175 271 2000 271 trial days
May 1, Johnson's *N/A *N/A *N/A 2000 Motion to Dismiss granted
* Having reached 271 speedy trial days, further counting is not necessary.
The speedy trial law in Ohio is that the time starts to run on May 28, 1999, the day after arrest. R.C. 2945.71. See, State v. Gabel, 1996 Ohio App. LEXIS 4771 (Oct. 31, 1996), Cuyahoga App. No. 69607, unreported, citing, State v. McCornell (1993), 91 Ohio App.3d 141, 145,631 N.E.2d 1110. Also, we triple count each day Johnson was in jail in lieu of bail solely on the pending charge. R.C. 2945.71 (E).
At issue here is R.C. 2945.72(B) which mandates tolling the speedy trial statute when the accused's mental competence is being determined. On September 10, 1999, the court ordered Johnson to a psychological examination. Johnson did not receive the evaluation as scheduled. The State does assert that an evaluation report was filed sometime in April 2000, however, we have no indication in the record when or if an evaluation ever took place.
The State argues that regardless of whether Johnson received the evaluation, and regardless of how long he remained in jail, the court's order of September 10, 1999 tolled the speedy trial statute, and as such, the 270 days had not expired as of the trial court's dismissal.
Our standard of review upon an appeal raising a speedy trial issue is to count the expired days as directed by R.C. 2945.71, et seq. State v. DePue (1994), 96 Ohio App.3d 513, 516, 645 N.E.2d 745; see, also, Cleveland v. Seventeenth Street Association, (2000), Ohio App. LEXIS 1740 (April 20, 2000), Cuyahoga App. No. 76106, unreported, State v. Gabel, 1996 Ohio App. LEXIS 4771 (Oct. 31, 1996), Cuyahoga App. No. 69607, unreported. Where we find ambiguity, we construe the record in favor of the accused. State v. Wilson, (1998), Ohio App. LEXIS 5787 (Dec. 3, 1998), Cuyahoga App. No. 72165, unreported, citing, State v. Collura (1991), 72 Ohio App.3d 364, 367, 594 N.E.2d 975; State v. Tornstrom, (1998), Ohio App. LEXIS 5464 (Nov. 19, 1998), Cuyahoga App. No. 72898, unreported, citing, State v. Mays (1996), 108 Ohio App.3d 598, 609,671 N.E.2d 553, State v. Singer (1977), 50 Ohio St.2d 103, 109,362 N.E.2d 1216.
On September 10, 1999, the trial court ordered Johnson transported from jail for a competency evaluation pertaining to all charges against Johnson, including the arrested offense. We toll our count for "any period" * * * during which [the accused's] mental competence to stand trial is being determined. [Emphasis added]. R.C. 2945.72. This time period is usually tolled from the time of motion or order for a competency evaluation until the time the court actually determines competency. See, State v. Palmer (1998), 84 Ohio St.3d 103, 702 N.E.2d 72. The law is clear that we toll for "any period" during which competency is being determined; there is no prescribed time limit. R.C. 2945.72(B); see, State v. Palmer, 84 Ohio St.3d 103, 702 N.E.2d 72. The law is equally clear that tolling only occurs if competency is being determined. See, State v. Prim (1999), 134 Ohio App.3d 142, 730 N.E.2d 455, citing, State v. Bowman (1987), 41 Ohio App.3d 318, 535 N.E.2d 730, State v. Wilson (1982), 7 Ohio App.3d 219, 454 N.E.2d 1348, and State v. Saddler, 1998 Ohio App. LEXIS 1626 (Apr. 16, 1998), Cuyahoga App. No. 71747, unreported.
In this case, Johnson's competency was not determined from the September 10, 1999 order. Since no effect came from this order it was essentially hollow. Therefore, it cannot be used to toll our speedy trial count. From May 27, 1999 until March 3, 2000, 271 speedy trial days had passed. The State argues the September 10, 1999 order is controlling regardless of whether Johnson actually was transported. Clearly, if Johnson had been transported and remained at CPI, our review and concern would be different. However, during the entire time in question, Johnson remained in jail.
The burden is on the State to bring the accused to trial. The State failed to do so within the required 270 days. The speedy trial laws exist to protect the accused from unnecessary delays and the burdens incident thereto. We will not contradict the clear meaning, purposes, and spirit of the speedy trial laws by tolling such a patently unreasonable period of time during which the accused was essentially disregarded by the system.
Additionally, the State tenuously infers from Johnson's March 7, 2000 pro se motion to dismiss that the September 10, 1999 order for a competency evaluation was ordered at Johnson's request, and, therefore, Johnson precipitated the long delay of which he now complains. While it is true that R.C. 2945.72(E) permits us to toll our count upon a motion instituted by the accused, we find no support in the record for the State's position that Johnson moved for a competency evaluation. Because we cannot conclude that Johnson requested the competency evaluation, Johnson was not responsible for the ensuing delay. The burden fell, and remained, squarely on the State's shoulders. Accordingly, the State's assigned error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J., CONCUR.
 _________________________________________ PATRICIA ANN BLACKMON, PRESIDING JUDGE