JOURNAL ENTRY and OPINION
Defendant-appellant David M. Hall appeals his conviction for obstructing justice in violation of R.C. 2921.32. For the reasons below, we affirm.
On June 13, 1998, Derrick Hall, appellant's nephew, passed bad checks at a shopping mall in North Olmsted, Ohio. The name used on the checks was Damon Brown. Charges of forgery were brought against Derrick Hall, and a preliminary hearing was scheduled in Rocky River Municipal Court. On August 4, 1998, appellant attended the preliminary hearing with his nephew. At the hearing, appellant told the prosecutor that he was Damon Brown and that he had given his nephew permission to use his checks. The prosecutor sent appellant and his nephew to the North Olmsted Police Department where appellant presented an Ohio state identification card with appellant's picture and the name Damon Brown on it.
On October 28, 1998, appellant was arrested by the North Olmsted Police Department and charged with obstruction of justice. On November 3, 1998, appellant waived his preliminary hearing in Rocky River Municipal Court, and was bound over to the Cuyahoga County Grand Jury. On January 8, 1999, appellant was indicted on a single count of obstruction of justice.
On November 8, 1999, a jury found appellant guilty as charged in the indictment and found that the crime aided was a felony. Appellant was sentenced to a twelve-month term of incarceration.
Appellant's first assignment of error argues that:
 I. THE TRIAL COURT ERRED BY FAILING TO GRANT THE DEFENDANT A HEARING ON HIS MOTION TO DISMISS THE INDICTMENT FOR LACK OF SPEEDY TRIAL.
On October 25, 1999, appellant filed a written motion to dismiss the indictment in which he alleged that the State had violated R.C. 2945.71
and 2945.72. The motion did not contain a request for hearing. On November 1, 1999, the State filed a brief in opposition to the appellant's motion to dismiss. The trial court overruled appellant's motion on November 4, 1999. Appellant contends that the trial court erred in failing to grant him a hearing on his motion. We disagree.
R.C. 2945.71 (C) (2) provides that [a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest.
Section (C) of R.C. 2945.71 is applicable as appellant was charged with a felony and was released on bail one day after his arrest. For purposes of determining whether appellant received a speedy trial, the two-hundred-seventy-day time period is calculated from October 29, 1998, the day following appellant's arrest.
A review of the record before the court at the time that appellant filed his motion to dismiss reveals the following:
 A preliminary hearing was held in Rocky River Municipal Court on November 3, 1998. Appellant was not formally charged in Cuyahoga County until January 8, 1999. In its brief in opposition, the State contends that the time between November 3, 1998, and January 8, 1999, is tolled because formal charges were not yet brought against appellant; however, this argument is without merit. As such, the seventy-nine days between October 29, 1998 and January 15, 1999, the date of the pre-trial conference conducted at the request of the trial court, is credited to appellant for speedy trial purposes.
At the January 15, 1999 pre-trial, appellant requested a continuance of the pre-trial until February 2, 1999. This request is viewed as a waiver of the period between January 15, 1999 and February 2, 1999. Thus, by virtue of appellant's own initiative, the speedy trial deadline was extended. See R.C. 2945.72 (E) and (H); State v. Wilson (Mar. 8, 2001), Cuyahoga App. No. 77758, unreported.
On February 2, 1999, the trial date was set for April 13, 1999. The State concedes, in its brief in opposition, that between February 2, 1999 and April 13, 1999, no activity which would toll the speedy trial provision took place. Thus the appellant is credited with seventy-one days during this period.
On April 13, 1999, the appellant requested a continuance until April 14, 1999. Then on April 14, 1999, the appellant requested a continuance until April 22, 1999. On April 22, 1999, appellant requested a continuance until April 29, 1999. On April 29, 1999, appellant again requested a continuance until May 12, 1999. Thus, the speedy trial provision for this time period was tolled. See R.C. 2945.72 (E) and (H), Wilson, supra.
After May 12, 1999, the next pretrial was held on June 10, 1999. Appellant is credited for thirty days of delay during this time period.
At the June 10, 1999 hearing, appellant requested a continuance until June 18, 1999. At the June 18, 1999 hearing, appellant requested another pretrial be scheduled for July 26, 1999. This request tolled the speedy trial provision. See R.C. 2945.72 (E) and (H), Wilson, supra.
On July 8, 1999, appellant signed a waiver of speedy trial until August 31, 1999. Thereafter, on August 9, 1999, appellant signed a waiver of speedy trial until October 20, 1999. It is well-settled that an accused may waive his constitutional or statutory right to a speedy trial. State v. Adams (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025; State v. Kidd (1978), 60 Ohio App.2d 374, 376, 397 N.E.2d 768; State v. Gee (June 2, 1994), Cuyahoga App. Nos. 64410, 64411, unreported. Therefore, appellant's first and second waiver tolled the speedy trial statute from July 8, 1999, until October 20, 1999. See Adams, Gee, supra.
The trial was reset for September 22, 1999, within the time period of appellant's waiver of speedy trial. However, on September 22, 1999, appellant requested yet another continuance. As such, pursuant to appellant's request, the trial was postponed until November 1, 1999. On November 1, 1999, the trial was rescheduled to November 3, 1999, at appellant's request. Because appellant initiated these continuances, the speedy trial statute was once again tolled. See R.C. 2945.72 (E) and (H), Wilson, supra. Trial commenced on November 3, 1999. Thus, a total of one hundred eighty days is credited to appellant. Therefore, the trial was held well within the two-hundred-seventy-day time frame set forth in R.C. 2945.71.
However, appellant argues that continuances of trial were improperly credited to him when the trial court made the decision to overrule his motion to dismiss. Although appellant did not directly deny that he requested the continuances, in his motion to dismiss appellant argued that the trial court did not clarify on its journal entries whether appellant or his co-defendant requested the continuances described above.
A continuance will be charged against the State unless the court does all of the following: records the continuance; identifies the party to whom the continuance is chargeable; and indicates the reason for the continuance. State v. Collura (1991), 72 Ohio App.3d 364, 594 N.E.2d 975; State v. Geraldo (1983), 13 Ohio App.3d 27, 468 N.E.2d 328, paragraph four of the syllabus, approved in State v. Benson (1985),29 Ohio App.3d 321, 323, 450, 505 N.E.2d 987, 990;see, also, State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571. Further, the speedy trial statute must be strictly construed in favor of the accused. State v. Pachay (1980), 64 Ohio St.2d 218, 416 N.E.2d 589; Collura, supra.
Thus, because there was a co-defendant in this case, and the trial court did not specify on its journal entries which defendant requested the aforementioned continuances, we will assume that appellant's co-defendant, Derrick Hall requested all of the continuances. As such, an additional eighty-six days is charged to the State. With these additional eighty-six days, only two hundred sixty-six days elapsed for speedy trial purposes, thus, appellant was still tried within the two-hundred-seventy-day time frame.
Therefore, based on the facts set forth in the record, the trial court did not err in its decision not to hold a hearing on appellant's claimed violation of R.C. 2945.71 because the record supported its decision to overrule the motion. In addition, appellant did not request a hearing on his motion to dismiss.
Thus, there could be no error in denying appellant a hearing on his motion made pursuant to R.C. 2945.71 because the trial court was not required to conduct an evidentiary hearing to determine what could be determined from the record. See State v. Kaminski (Aug. 21, 1991), Montgomery App. No. 12447, unreported. Therefore, appellant's argument is without merit.
In his second assignment of error appellant contends that:
 II. THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A FAIR TRIAL BY THE COURT'S INTERFERENCE WITH THE PRESENTATION OF A DEFENSE.
Appellant maintains that the trial court's actions during the trial prejudiced his right to a fair and impartial trial.
The judiciary must remain detached and neutral in any proceeding before it. State v. Bayer (1995), 102 Ohio App.3d 172, 174, 656 N.E.2d 1314. Prejudicial error may result when the jury believes that the trial judge has an opinion in the case. State v. Kay (1967), 12 Ohio App.2d 38, 49,230 N.E.2d 652.
In State v. Wade (1978), 53 Ohio St.2d 182, 188, 373 N.E.2d 1244,1248, the Ohio Supreme Court set forth five factors for reviewing courts to consider in determining whether a trial judge's actions and remarks were prejudicial:
 1) the burden of proof is placed upon the defendant to demonstrate prejudice; 2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for; 3) the remarks are to be considered in light of the circumstances under which they are made; 4) consideration is to be given to their possible effect upon the jury; and 5) to their possible impairment of the effectiveness of counsel.
Appellant argues that the trial court's act of stopping proceedings in order to permit appellant's witness, Michelle Hall, the opportunity to seek counsel during direct examination, undermined appellant's credibility.
Appellant has failed to show how the trial court's actions amount to prejudice against appellant.
Assuming for the sake of argument that the judge expressed her opinion concerning the credibility of appellant by stopping proceedings and permitting Michelle Hall to discuss her testimony with counsel outside the presence of the jury, then the second factor of Wade must be applied. As stated in Wade, it is presumed that the trial judge is in the best position to decide when a breach is committed, and what corrective measures are called for. Wade, supra. In the instant case, the trial court instructed the jury prior to deliberation to disregard the court's actions and comments. In light of the fact that Michelle Hall did partially testify in the presence of the jury, and that the jury was not informed as to why proceedings were interrupted, this instruction adequately corrected any alleged breach.
Considering the trial judge's actions and comments in light of the factors set forth in Wade, we conclude that appellant has failed to meet the burden of establishing that the court demonstrated prejudice against him. Further, we find that the trial court's instruction to the jury to disregard the court's comments and actions was an adequate corrective measure for any potential breach. Therefore, appellant's claim that his right to a fair and impartial trial was violated is without merit.
In his argument that he was prejudiced by the court's actions, appellant references the trial court's admission of Exhibit A. Subsequent to Michelle Hall seeking counsel, the court permitted Ms. Hall's counsel to examine her on the record outside of the presence of the jury. During this testimony, Exhibit A was introduced. Exhibit A is a copy of an excerpt from the Corpus Juris Secundum. 65 C.J.S. Sections 6-9. This section referred to the legality of assumed or fictitious names. This copy was given to Michelle Hall by appellant in order to convince her that the use of her son's name by appellant in order to transact business was legal.
The trial court erred in admitting this evidence, because it was introduced during Michelle Hall's counsel's examination of Ms. Hall which took place outside of the presence of the jury. As such it was never properly introduced as evidence. Nonetheless, the decision to admit or exclude evidence at trial is a matter which lies within the sound discretion of the trial court, whose judgment will not be disturbed unless it is unreasonable, arbitrary or unconscionable. Felden v. Ashland Chem. Co. (1993), 91 Ohio App.3d 48, 59, 631 N.E.2d 689; Zender v. Daimler/Chrysler Motors Corp. (Nov. 2000), Cuyahoga App. No. 77814, unreported. Furthermore, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Evid.R. 103, see also, Zender. "In short, harmless evidentiary error is not a ground for reversal and retrial." Evid.R. 103, Staff Note.
Here, the introduction of Exhibit A was harmless error. As such, no substantive right of the appellant was impinged. Therefore, appellant's contention that his conviction be reversed is meritless.
Appellant argues in his third assignment of error that:
 III. THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A FAIR TRIAL BY THE COURT'S ERRONEOUS, MISLEADING AND PREJUDICIAL JURY INSTRUCTION.
Appellant alleges that the trial court erred in instructing the jury as follows:
 The jury is instructed that there's no evidence that the Defendant is a paralegal.
 Even if such evidence had been presented, a paralegal is not permitted to practice law in the State of Ohio.
While appellant's trial counsel did object to the first jury instruction proposed by the trial court, through compromise, the above instruction was agreed upon. Thus, there was no objection made to this particular instruction. "Failure to object to a jury instruction constitutes a waiver and any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus. In State v. Williford (1990), 49 Ohio St.3d 247, 251,551 N.E.2d 1279, the Supreme Court found that "we have repeatedly held that a failure to object before the jury retires in accordance with the second paragraph of Crim.R. 30(A), absent plain error, constitutes a waiver."
We find that appellant has failed to show that this jury instruction constitutes plain error. The court correctly stated that no evidence had been presented that appellant is a paralegal. With regard to the part of this instruction regarding legal advice given by the appellant, the trial court explained to counsel that it was necessary because Michelle Hall testified on cross-examination that appellant had provided her with legal information regarding fictitious names.
Thus, appellant has failed to show that he was prejudiced by the trial court's instruction. As such, we find the jury was correctly instructed. Therefore, appellant's third assignment of error is overruled.
In his fourth assignment of error appellant maintains that:
 IV. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Appellant contends that his lawyer's failure to vigorously pursue the speedy trial issues raised herein, failure to request a mistrial or object when the court interrupted the trial proceedings in order to permit Michelle Hall to seek counsel, and failure to object to the jury instruction regarding his alleged status as a paralegal constitutes constitutionally ineffective assistance of counsel.
This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Tollivar (July 31, 1997), Cuyahoga App. No. 71349, unreported; see State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768; State v. Hyde (Jan. 11, 2000), Cuyahoga App. No. 77592, unreported. Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 at paragraph one of the syllabus. To show such prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998), 81 Ohio St.3d 673,674, 693 N.E.2d 267.
Appellant questions his counsel's actions regarding the issues discussed in assignments one through three above. Because we find each of these assignments are without merit, we logically conclude that appellant's attorney's representation did not fall below an objective standard of representation.
For instance, the attorney's failure to pursue the speedy trial issue is moot because R.C. 2945.71 was not violated. In addition, appellant's attorney acted properly in not objecting to the court's decision to permit Michelle Hall to seek counsel in order to make an informed choice about testifying to self-incriminating matters. Further, counsel did vigorously represent appellant regarding the jury instruction in question. In fact, due to his objections the trial court revised it so that it contained fairer language.
Most importantly, appellant's assignment of error fails because even assuming his counsel's representation was inadequate, appellant has failed to show that had his attorney behaved differently, the result of the proceedings would have been different. See Bradley. As such, appellant has failed to meet the requirements set forth in the two-prong Strickland test. Thus, this assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ COLLEEN CONWAY COONEY, J.
TIMOTHY E. McMONAGLE, P.J., and JAMES J. SWEENEY, J., CONCUR